**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| HELEN ALLEN,<br><br>Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | Case No. 21-cv-00962<br><br>Judge Mary M. Rowland |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Defendants Molly T. Senger, Katherine V.A. Smith, Kathleen M. Nemechek, Gibson, Dunn & Crutcher LLP, and Berkowitz Oliver LLP (collectively, "Defendants"), move to reassign three cases as related to the above captioned case pursuant to Local Rule 40.4 and Federal Rule of Civil Procedure 42(a). Defendants argue that *Allen v. Senger et al.*, Case No. 1:26-cv-00041 (the "*Senger* Action"), *Allen v. Smith et al.*, Case No. 1:26-cv-00618 (the "*Smith* Action"), and *Allen v. Nemechek et al.*, Case No. 1:26-cv-00768 (the "*Nemechek* Action") are related to this case and meet the conditions for reassignment under the rules. Plaintiff opposes Defendants' motion for reassignment. For the reasons stated herein, Defendants' motion is granted in part.[1]

---

[1] Defendants also moved to dismiss the complaints under Rule 12(b)(6). [142] at ¶ 8. At the Court's instruction, the parties limited their briefing to the issue of reassignment. [146]. Defendants have reserved the right to file renewed motions to dismiss upon the resolution of this motion. [148] at 2. Defendants also request that the Court impose pre-filing restrictions on Plaintiff. [142] at ¶ 54. The Court declines to do so at this time.

1

## I. Background

Plaintiff and approximately 30 other women brought suit against Ford Motor Company in 2014. [142] at ¶ 10; *Van v. Ford Motor Co.*, 14-cv-8708 (N.D. Ill. Nov. 3, 2014) (hereinafter *Van* Docket). Eventually, Plaintiff moved to sever her claims from the *Van* case and to proceed *pro se*. *Van* Docket [572]; [579]. Defendants describe several allegations made by Plaintiff during the course the litigation. [142] at ¶¶ 2-4, 11-14. In February 2021, Plaintiff accused one of Ford's attorneys of misconduct in open court. *Van* Docket [585] (granting Ford's motion to seal the status hearing transcript). A week later, Plaintiff reasserted those allegations in an email to Ford's counsel, Plaintiff's former counsel, and Judge Cummings, who was overseeing settlement negotiations in the present case, *Allen v. Ford*, 21-cv-00962. [22-2] at 8-9. In August 2021, Plaintiff sent an email to Judge Cummings and Ford's counsel. [22-1]. In response, the Court sanctioned Plaintiff with a formal reprimand, a fine, and a warning that further abuse of the litigation process may result in dismissal of her case or other penalties. [37].

In September 2023, the Court granted Ford's motion for summary judgment, [116], but in October 2025, Plaintiff filed a letter on the docket accusing Defendant Smith of "violat[ing] professional conduct rules prohibiting deceit, intimidat[ion], and retaliation" based on a settlement offer that Ford conveyed in January 2023. [133]. The Court granted Ford's motion to seal the letter over Plaintiff's objection. [135]. Days later, Plaintiff filed a motion to correct the record and for protection against misrepresentations made by Defendants, which was denied. [138] [139]. A week later,

Plaintiff filed yet another motion alleging many of the same accusations of misconduct by Ford's attorneys, including Defendant Smith, Defendant Nemechek, and Defendant Senger. [140] at 3. The Court denied Plaintiff's motion and ordered her to stop filing complaints about opposing counsel on the docket. [141].

In January 2026, Plaintiff filed three lawsuits against Defendants. [142] Exhibit A, Exhibit B, and Exhibit C. Plaintiff describes the claims in the new lawsuits as "separate tort claims involving discovery fraud, witness obstruction, and settlement misrepresentation." [147] at 2. According to Plaintiff, the *Senger* Action "[f]ocuses on the physical obstruction of witness access and the intentional withholding of electronic 'access-control' logs occurring at the conclusion of the 2021 litigation." [147] at 3. The *Nemechek* Action concerns "fraudulent valuations provided to the Settlement Assistance Program (SAP) that induced a flawed settlement environment." *Id.* And the *Smith* Action "[c]oncerns general litigation misconduct that impaired Plaintiff's rights." *Id.*

Defendants argue these three cases should be consolidated and reassigned to this Court, because the "new lawsuits implicate the same facts and legal issues that have already been raised before this Court." [142] at ¶ 7. Plaintiff opposes Defendants' motion for reassignment and argues the requirements set out in Local Rule 40.4 are not met. [147] at 1.

## II. Standard

A district court has discretion to reassign a case pursuant to Local Rule 40.4. *See Clark v. Ins. Car Rentals*, 42 F. Supp. 2d 846, 847 (N.D. Ill. 1999). Under Local

Rule 40.4, the moving party must demonstrate that reassignment is appropriate. L.R. 40.4(c). A case may be reassigned only if the cases are "related" and if certain criteria are met. Cases are "related" if at least one of the following criteria is satisfied: (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same. L.R. 40.4(a).

If cases are "related," then the later-numbered case or cases may be reassigned to the calendar of the judge hearing the earlier-numbered case if each of the following criteria is met: (1) both cases are pending in this district; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would substantially delay the proceedings in the earlier case; and (4) the cases are susceptible of disposition in a single proceeding. L.R. 40.4(b).

Relatedly, a district court has discretion to consolidate actions involving a common question of law or fact pursuant to Federal Rule of Civil Procedure 42(a). Rule 42(a) states: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." The purpose of consolidation is to promote judicial economy. The Seventh Circuit has emphasized that related cases pending before the same court should be consolidated before a single judge to avoid wasting judicial resources. *See,*

4

*e.g.*, *Blair v. Equifax Check Servs.*, 181 F.3d 832, 839 (7th Cir. 1999) ("[b]y far the best means of avoiding wasteful overlap when related suits are pending in the same court is to consolidate all before a single judge.").

### III.    Analysis

Under Local Rule 40.4(a), two or more civil cases may be considered related if "the cases involve some of the same issues of fact or law." Defendants argue that the *Senger*, *Smith*, and *Nemechek* Actions are related to the above captioned case where the claims involve "accusations of attorney misconduct that were first raised during this litigation." [142] at ¶ 33. Plaintiff does not dispute that the cases are related as defined under LR 40.4(a). Instead, she argues that the conditions for reassignment under Local Rule 40.4(b) are not met because this case is no longer pending. [147] at 4.

The Court acknowledges that the first requirement set out in Rule 40.4(b)— that all cases be "pending in this Court"—is not met. The Court granted summary judgment in favor of Ford in September 2023. [116]. The Seventh Circuit affirmed in May 2024. [194]. As such, Plaintiff's case against Ford was no longer pending when she filed these three complaints. However, principles of judicial economy nonetheless counsel in favor of consolidation and reassignment.

Federal Rule of Civil Procedure 42(a) grants this Court broad authority to "issue any [ ] orders to avoid unnecessary cost or delay" in actions that "involve a common question of law or fact." These new lawsuits concern Plaintiff's allegations that some number of Ford's attorneys engaged in misconduct during the litigation

that occurred before this Court. This Court has previously ruled on many of the issues raised in Plaintiff's new complaints. As such, it would be far more efficient for this Court to oversee the three pending cases, Rule 40.4(b) notwithstanding.

The other requirements set out in Rule 40.4(b)—namely that "the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort"—make clear the Rule is motivated by efficiency concerns. Where Rule 40.4(b) "is not a jurisdictional statute which confers or divests a court of subject matter jurisdiction," the fact that the underlying case is no longer pending does not prevent the Court from considering the Rule's broader purpose. *Kapco Mfg. Co. v. C & O Enters., Inc.*, 108 F.R.D. 55, 56 (N.D. Ill. 1985) (reassignment warranted even where the first-filed case had settled). In this case, where Plaintiff states that she is seeking "a fresh adjudication of her claims," [147] at 4, judicial economy is best served by reassignment.

## IV.    Conclusion

For the reasons stated herein, Defendants' motion to consolidate and reassign to this Court *Allen v. Senger et al.*, Case No. 1:26-cv-00041, *Allen v. Smith et al.*, Case No. 1:26-cv-00618, and *Allen v. Nemechek et al.*, Case No. 1:26-cv-00768 [142] is granted. The Clerk of Court is directed to transfer *Allen v. Senger et al.,* Case No. 1:26-cv-00041, *Allen v. Smith et al.,* Case No. 1:26-cv-00618, and *Allen v. Nemechek et al.,* Case No. 1:26-cv-00768, forthwith. Defendants must answer or otherwise plead to the complaints within 21 days of the entry of this Order.

6

E N T E R:

Dated: July 27, 2026

MARY M. ROWLAND
United States District Judge

7